# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.: 3:08-CV-509-MR-DCK

BARBARA McKINNEY,

     Plaintiff,

v.

CABARRUS COUNTY, NORTH
CAROLINA COOPERATIVE EXTENSION;
CABARRUS COUNTY; and NORTH
CAROLINA STATE UNIVERSITY,

     Defendants.

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the consent and agreement of counsel, the Court enters the following order:

1. Plaintiff claims racial harassment in violation of Title VII and North Carolina public policy.

2. The required disclosures and discovery under Rule 26 will likely require production of request for certain personnel files and records protected by N.C.G.S. § 153A-98 and N.C.G.S. § 126-22 et seq. The parties have agreed that the disclosures and discovery shall be produced, subject to appropriate objections, and may be used subject to the terms of this order.

WHEREFORE, IT IS HEREBY ORDERED that:

1. The disclosures and discovery in this action shall be produced, subject to appropriate objections, and maybe used in this action, subject to the terms of this order.

2. "Confidential Information" as used herein means:

    a. All information and documents made confidential by N.C.G.S. § 153A-98 and N.C.G.S. § 126-22 et seq. and ordered by this Court to be made available to the parties;

    b. Any documents or information which is contained in any personnel file maintained by any party;

    c.  All medical, psychological or other physical or mental health related records;

    d.  All proprietary, financial or other sensitive information, which is not generally accessible to the public, is entitled to an expectation of privacy, and is otherwise treated by a party as confidential.

  3.  All documents and information provided in disclosures, in response to an interrogatory, a request for production of documents, a deposition question or other discovery which fall within the definition of "Confidential lnformation" set forth above shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Order, provided that any party designates such documents or information as "confidential", a the time of production or disclosure; or in the event of a deposition, within 30 days after the transcript of the deposition is prepared.

  4.  Confidential Information, as defined above, shall only be used for purposes of this litigation, and shall not be disclosed or made available to anyone except:

    a.  The Court;

    b.  The parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

    c.  Counsel for the parties to this action and employees of said counsel;

    d.  Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    e.  Any third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

    f.  Court reporters or videographers engaged to record depositions, hearings or trials in this action.

  Prior to disclosing confidential information to any person listed in subparagraphs (d) or (e) above counsel shall inform the person to whom the disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order. In the event that any party desires to provide any confidential information, as designated herein, to any other person, the party is entitled to request permission to do so of the Court through appropriate motion and the party shall not be prejudiced by the party's consent to this order.

  5.  This Order shall not restrict the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding.  Similarly,

no party shall be deemed to have waived any objections as to the relevancy, admissibility or discoverability of any Confidential Information in connection with any proceeding in this action.

6.      The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate motion to the Court, any designation herein by the opposing party at any time during this litigation.

7.      Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts for the parties shall return all confidential documents produced pursuant to this Order (including all Xeroxed copies of the same) to the party producing said document; provided, counsel shall be permitted to maintain such documents for their case flies, which shall continue to be subject to the terms of this Order.

8.      Subject to the terms of this Order, Defendants may produce all personnel files and records and other information and documents made confidential by N.C.G.S. § 153A-98 and N.C.G.S. § 126-22 et seq., as well as all other information requested by Plaintiff which is discoverable under Rule 26.

Signed: May 18, 2009

_____

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

Fosbinder & Van Kampen

BY:     **s/Julie H. Fosbinder**
        Julie H. Fosbinder
        Attorney for Plaintiff
        1515 Mockingbird Lane, Suite 218
        Charlotte, NC 28209
        Phone 704-333-1428
        Fax 704-333-1431
        Email: julie@charlotteemploymentlaw.com

Smith Law Firm, P.C.

BY:     **s/John Brem Smith**
        John Brem Smith
        Attorney for Defendants Cabarrus County,
        North Carolina Cooperative Extension and
        Cabarrus County
        5950 Fairview Rd.
        Suite 710
        Charlotte, NC 28210
        Phone (704) 643-6650
        Fax (704) 643-6651
        Email:  jsmith@smithlawfirm.biz

ROY COOPER,
Attorney General

BY:      **s/Katherine A. Murphy**
         Katherine A. Murphy
          Assistant Attorney General
         Attorney for North Carolina State University
          N.C. Department of Justice
          Education Section
          P.O. Box 629
          Raleigh, NC 27602
          Phone (919) 716-6920
          Fax (919) 716-6764
          Email: kmurphy@ncdoj.gov